UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH SUNSHINE GLORIA,
Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security, Social Security Administration,
Defendant.

Case No.: 26-cv-4087-JAC

**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS**

ECF No. 2

On July 15, 2026, Plaintiff Elizabeth Sunshine Gloria initiated this action against the Commissioner of Social Security, seeking judicial review of a final adverse decision of the Commissioner. ECF No. 1. On the same day, Plaintiff filed an application to proceed in this matter in forma pauperis ("IFP"), which is presently before the Court. ECF No. 2.

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP under 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not

just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees" by any person who demonstrates his or her inability to pay such fees. 28 U.S.C. § 1915(a)(1). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Plaintiff's application contains several gaps and inconsistencies that prevent the Court from determining whether Plaintiff qualifies to proceed without prepaying the filing fee. Plaintiff represents that her gross wages are $586, and her take-home pay is $382 for "2 days of pay." ECF No. 2 at 1. It is not clear what Plaintiff's total monthly income is, although Plaintiff claims she is employed by the U.S. Navy Reserves and receives VA disability payments. *Id.* Plaintiff represents that over the last 12 months, she has not received income from sources other than her disability payments. *Id.* Her expenses total $4,653 per month for housing, loan payments, car insurance, utilities, medical expenses, and cell phones. *Id.* at 2. Plaintiff claims she has $4,450 in her bank account. *Id.* As to assets, Plaintiff claims she has one vehicle and a trailer that are paid off, two mortgaged properties, and a leased vehicle. *Id.* Plaintiff has two dependents. *Id.* Her spouse is employed but lives "pay check to pay check," and Plaintiff "handle[s] most of the financial burden." *Id.* at 2. No specific financial information is provided for Plaintiff's spouse. Although there may be an adequate explanation, without further information the more than $4,000 discrepancy between Plaintiff's identified monthly income and monthly expenses render the application incomplete or not credible. Accordingly, based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities

of life." *Escobedo*, 787 F.3d at 1234. Therefore, the Court **DENIES WITHOUT PREJUDICE** the IFP motion.

To proceed with this action, no later than **August 21, 2026**, Plaintiff must either (1) pay the civil filing fee, or (2) file a renewed Motion to Proceed IFP that fully completes all sections of the application and provides complete and accurate financial information in compliance with Civil Local Rule 3.2(a). If Plaintiff wishes to proceed IFP, the Court directs Plaintiff to renew the motion using the Court's long form IFP application, Form AO 239 (rev. 01/15), "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," which is available on the Court's website. Failure to comply with the Court's Order will result in dismissal of the instant action without prejudice.

**IT IS SO ORDERED**.

Dated: July 31, 2026

Hon. Janet A. Cabral
United States Magistrate Judge